UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**PABLO CASAUBON and**
**LIESEL CASAUBON,**

    *Plaintiffs*,

**v.**                                                                 Case No. SA-20-CV-0002-JKP

**WATSON LUMBER COMPANY;**
**MAGNOLIA FLOORING; and**
**BUILDING PLASTICS, INC.**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Plaintiffs commenced this action in state court seeking damages resulting from Defendants' alleged production and installation of wood floors that were infested with powder post beetles. Plaintiffs allege violations of the Texas Deceptive Trade Practices-Consumer Protection Act, negligence, gross negligence, breach of contract, and nuisance. Defendant Magnolia Flooring Mill, LLC ("Magnolia"), incorrectly named as "Magnolia Flooring" by Plaintiffs, removed the case to federal court based on diversity jurisdiction. After the Court set a summary judgment briefing schedule, Defendants (Watson Lumber Company ("Watson") and Magnolia) timely filed a *Motion for Summary Judgment* (ECF No. 24) and Defendant Building Plastics, Inc. ("BPI") also timely filed its *Motion for Summary Judgment* (ECF No. 26). Plaintiffs have not filed a response to either motion. For the reasons that follow, the Court grants both motions.

### I. MOTIONS FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted).

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

It is well-established that courts do not grant a default summary judgment merely because the motion elicited no response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Gonzales v. Wells Fargo Bank, N.A.*, No. 19-CV-00278-DC, 2020 WL 7445973, at *2 (W.D. Tex. Nov. 23, 2020); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Indeed, Fed. R. Civ. P. 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly address another party's assertion of fact as required by Rule 56(c)," including (2) considering "the fact undisputed for purposes of the motion" or (3) granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Defendants have timely moved for summary judgment. They assert that Plaintiffs have no evidence to support any claim. Defendants have carried their burden by pointing to an absence of evidence to support Plaintiffs' claims. Plaintiffs have filed no response to the motion. For purposes of the instant motion, the Court considers the facts presented by Defendants to be undisputed in accordance with Rule 56(e)(2) and considers whether they are entitled to summary judgment as permitted by Rule 56(e)(3).

Although there appears to be some ambiguity in Plaintiffs' Second Amended Petition, the Court will treat Plaintiffs' claims against all defendants as identical unless otherwise noted.

**A. Breach of Contract**

Magnolia produces wood flooring products and sell its products to wholesale distributors, including Defendant BPI. *See* ECF. No. 25-2. On February 6, 2018, Magnolia sold and shipped 3,276 square feet of ¾" x 2 ¼" common unfinished red oak flooring to BPI. *See id*. BPI sold the wood flooring to Metro Wholesale & Flooring ("Metro"), which is the retailer that sold the wood flooring to Plaintiffs. *See* ECF. No. 25-3. The subject wood flooring was stored at BPI's warehouse for three days prior to its sale to Metro. *Id*. BPI did not have a powder post beetle problem or issue at its San Antonio warehouse. *Id*.

Each Defendant has presented evidence that it did not sell, install, or contract to install the wood floors that are the subject of this suit to Plaintiffs. *See* ECF Nos. 25-1 (Watson), 25-2 (Magnolia), 25-3 (BPI). Plaintiffs, on the other hand, present no evidence of a contract between any defendant and themselves. Each Defendant is entitled to summary judgment on Plaintiffs' breach of contract claim.

**B. Negligence, Negligent Construction, and Gross Negligence**

Each Defendant asserts that it owed no legal duty to Plaintiffs regarding the wood floors. They have each presented evidence that it did not produce, sell, or install the floors that are the subject of this lawsuit. Plaintiffs have not presented any evidence which establishes that any defendant owed them a legal duty in this case. Without a showing of a legal duty, Plaintiffs' negligence claims necessarily fail.

"Gross negligence is defined under Texas law as such an entire want of care as to establish that the act or omission complained of was the result of actual conscious indifference to the rights, safety, or welfare of the person affected." *Potharaju v. Jaising Mar., Ltd.*, 193 F. Supp. 2d 913, 920 (E.D. Tex. 2002). Gross negligence is only relevant to a determination of exemplary damages

and Plaintiffs' claim for gross negligence cannot survive summary judgment due to the Court's determination that no Defendant owed Plaintiffs a legal duty on their negligence claim. *Id*. Each Defendant is entitled to summary judgment on Plaintiffs' negligence, negligent construction, and gross negligence claims.

## C. Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA")

BPI contends there is no evidence that Plaintiffs are consumers under the DTPA. And each Defendant contends there is no evidence that it made any statement or representation to Plaintiffs regarding or related to the wood flooring or the Plaintiffs' purchase of the wood flooring. Plaintiffs admit they purchased the wood flooring from Metro. *See* ECF. 25-8, RFA No. 2. Plaintiffs have not presented any evidence that they are consumers of BPI or that any defendant engaged in any false, misleading, or deceptive act or practice regarding their purchase of the wood flooring. Each Defendant is entitled to summary judgment on Plaintiffs' DTPA claims.

## D. Nuisance

The Texas Supreme has held that "the term nuisance refers to a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 600-601 (Tex. 2016). "It refers to a legal injury that may support a cause of action, but it is not itself the cause of action or the conduct necessary to support a cause of action." *Id*. "To establish such a legal injury, the plaintiff must prove that the interference is substantial and the resulting discomfort or annoyance is unreasonable, but need not establish that the defendant's conduct or land use was unreasonable." *Id*. "That issue goes to whether the defendant can be held liable for creating a nuisance." *Id*.

Review of Plaintiffs' Second Amended Petition reflects that Plaintiffs do not assert a

nuisance claim against BPI. The essence of the summary judgment argument regarding Plaintiffs' nuisance claim is that neither Magnolia nor Watson created or caused a condition that substantially interfered with Plaintiffs' use and enjoyment of the land. The Court will not opine on whether there was actually a condition on Plaintiffs' land that substantially interfered with their use and enjoyment of it. Magnolia's and Watson's argument is that Plaintiffs have not presented any evidence supporting their contention that they are responsible for creating such a condition. Plaintiffs have not presented any evidence to the contrary. Therefore, Magnolia and Watson are both entitled to summary judgment on Plaintiffs' nuisance claim.

## II. CONCLUSION

After reviewing the motions, briefing, operative pleading, summary judgment evidence, and the relevant law, the Court **GRANTS** the *Motion for Summary Judgment* (ECF No. 24) filed by Defendants Watson Lumber Company and Magnolia Flooring Mill, LLC, and the *Motion for Summary Judgment* (ECF No. 26) filed by Defendant Building Plastics, Inc. By separate document, the Court will enter Final Judgment for Defendants.

**IT IS SO ORDERED this 10th day of January 2022.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**